Nash, C. J.
 

 This bill is, in substance, to rescind a contract for the sale and purchase of a tract of land". The plaintiffs allege that the defendant has no title to the premises in question. Part of the purchase money was paid, and the defendant has brought an action at law to recover the remainder that was due. An injunction was granted. In his answer, the defendant avers that he has a good and valid title, and that he is ready and willing to make title to the plaintiffs. In the Court below, the ease was referred to the Clerk and Master “to take evidence and investigate the title of the defendant.” The Clerk made a report and returned the evidence taken by him. He reported that the defendant could not make a good title to the- lands in question. As one reason for the conclusion to which he came, lie states “that from the evidence of Nathaniel Shelton, Elisha Nelson purchased or otherwise secured the title of the heirs of Jacob Nelson in the 150 acre tract, with the exception, ho thinks, of Polly Nelson, who married one John Morris.” To this report the defendant excepted. The third exception is, that the Master’s report is against the evidence, and we concur with him. The land in question consists of two coterminous tracts, and grants for each from the State are produced. It is well ’established, by a series of adjudications, as well in this State as in others, that from a long and peaceable possession of a tract of land under known and visible boundaries, under a claim of right, a presumption arises at common law, that the possession was rightful, and therefore, was under such deeds and assurances as are necessary to clothe it with that character. This presumption is a rule of reason and policy, intended to make men diligent in the assertion of their rights, while the evidence still exists: and in every case of such possession, the jury are instructed that from it they should presume a grant, where the existence of one is doubtful, as a matter of law.
 
 Bullard v
 
 Barksdale,
 
 *4
 
 11 Ire. 461. The same proposition is enunciated in the case of
 
 Reed v Earnhardt,
 
 10 Ire. 521: The Court say “ title will be presumed from long possession.” “ A possession for a great many years authorizes the presumption of any thing to support the title.” So in
 
 Smith
 
 v. Bryan, Bus. 182. Not only, there, does long possession raise a presumption of law of the existence of a grant from the State, but of such mesne conveyances as are necessary to make out the title. The Clerk’s report shows, and the exhibits on file sustains it: that from Elisha Nelson, there is a regular chain of title down to the present defendant.
 
 Nathaniel
 
 Shelton, whose testimony was taken by the Clerk, and returned with his report, states that he knew the three hundred acre tract as far back as 1810 or 12, at which time William Nelson was living on it. He then states the names of a number of persons to whom the land was sold, and who took successively the possession down to Elisha Nelson, who went into possession about 1823; and he further proves that he was in possession of the 150 acre tract before 1823, and exercised acts of ownership over both tracts until he sold to Banner in 1838.
 
 Mr. Sislds
 
 evidence is to the same effect, except that he says Elisha Nelson lived on the 150 acre tract eighteen or' twenty years.
 
 We
 
 then have the two tracts patented, and a possession by those claiming under them (the patents) for a period of upwards of thirty years, and in Elisha Nelson of eighteen or twenty. The law presumes that such intermediate conveyances, as are necessary to complete the title in Elisha Nelson, were duly made. We conclude that the defendant, Chandler, had a complete title at the time lie sold the land to the plaintiffs. The deed from Chandler to the complainants ■ contains a general warranty, and is sufficient to convey his title.
 

 As to Mrs. Morris, she was one of the heirs of Jacob Nelson. It is not shown that her father had any title whatever to the 150 acre tract; she, therefore, has no interest, if alive, in the present controversy.
 

 The cause is heard on the bill and answer, the Master’s report and the evidence filed by him, and upon the exceptions
 
 *5
 
 filed. The report is overruled, the injunction dissolved, and tlie bill dismissed at the costs of the plaintiffs.
 

 PeR Oukiam. Decree accordingly.